**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| BRADLEY PEACH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HIGH 5 ENTERTAINMENT, LLC,<br><br>    Defendant. | Case No. 4:25-cv-00848-KGB<br><br>Judge Kristine G. Baker<br><br>CLASS ACTION |

**JOINT RULE 26(f) REPORT**

Pursuant to the Court's Order (Doc. 38), counsel for Plaintiff Bradley Peach ("Plaintiff") and Defendant High 5 Entertainment, LLC ("Defendant") (together the "Parties") have met and conferred and file this Fed. R. Civ. P. 26(f) report containing the Parties' views and proposals regarding the following:

1. **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).**

   The Parties propose that the form or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a)(1) be set by the Court pursuant to the applicable rules. The Parties further propose that mandatory disclosures shall be made within twenty-one (21) days after the ruling on Defendant's Motion to Dismiss ("MTD", Doc. 24) or Motion to Compel Arbitration ("MTC", Doc. 22), whichever is later.

2. **Date when mandatory disclosures were or will be made.**

   The Parties propose that mandatory disclosures under Fed. R. Civ. P. 26(a)(1) shall be made within twenty-one (21) days after the ruling on Defendant's MTD or MTC, whichever is later.

1

3. **Subjects on which discovery may be needed.**

**Plaintiff's Statement:** Plaintiff anticipates that discovery will be needed on, including but not limited to, Defendant's gaming operations, including the games offered, the rules of the games, and the buy-in and payout options, including relative statistics; account creations, including relative statistics; regulatory compliance; financial and transactional records; consumer-facing communications; client and other source information ("OSI") discovery; and defenses, including any affirmative defenses.

**Defendant's Statement:** Defendant objects to the need for discovery while its Motion to Dismiss and Motion to Compel arbitration remains pending.

4. **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.**

The Parties anticipate that electronically stored information ("ESI") will be relevant to this matter and address each subpart below:

(a) The Parties currently anticipate that the production of ESI will be limited to data reasonably available to the Parties in the ordinary course of business.

(b) The Parties cannot presently determine the anticipated scope, cost, or time required to disclose or produce data beyond what is reasonably available in the ordinary course of business.

(c) The Parties will meet and confer and submit a proposed ESI Protocol to the Court within twenty-eight (28) days after the MTD or MTC Ruling, whichever is later, setting forth the agreed format and media for the production of ESI as well as agreed procedures for such production.

(d) The Parties currently believe that all reasonable measures to preserve potentially discoverable ESI from alteration or destruction in the ordinary course of business or otherwise have been taken.

(e) The Parties do not currently anticipate other problems in connection with electronic or computer-based discovery.

5. **Date by which discovery should be completed.**

The Parties propose the following discovery schedule:

(a) Class certification discovery shall be completed within six (6) months after the MTD Ruling or the MTC Ruling, whichever is later.

(b) Merits discovery shall be completed no later than sixty (60) days before trial.

6. **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

The Parties do not currently anticipate any changes in the limitations imposed by the Federal Rules of Civil Procedure.

7. **Any orders, e.g., protective orders, which should be entered.**

The Parties anticipate that a protective order governing the production of confidential information will be necessary. The Parties will meet and confer and submit a proposed protective order to the Court within twenty-eight (28) days after the MTD Ruling or MTC Ruling, whichever is later.

8. **Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

The Parties do not dispute that initial disclosures are appropriate in this matter. Initial disclosures will be submitted pursuant to the deadline set forth in Paragraph (2) above.

9.  **Any objections to the proposed trial date.**

Plaintiff does not currently object to the proposed trial date but notes that the trial date may need to be adjusted depending on the timing of class certification and summary judgment motions.

Defendant objects to the proposed trial date of April 19, 2027, as its MTD and MTC remain pending with the Court.  If Defendant is successful in either motions, the case will either be stayed pending arbitration or dismissed in whole.  For these reasons, Defendant anticipates that the trial date will likely need to be moved.

10. **Proposed deadline for joining other parties and amending the pleadings.**

The Parties propose that the deadline for joining other parties and amending the pleadings be set at three (3) months after the MTD or MTC Ruling, whichever is later.

11. **Proposed deadline for completing discovery.**

See Paragraph (5) above.

12. **Proposed deadline for filing motions other than motions for class certification.**

The Parties propose that the deadline for filing any motion to dismiss other than on personal jurisdiction grounds be twenty-one (21) days after the Court's ruling on Defendant's MTC or MTD, whichever is later. The Parties further propose that the deadline for filing summary judgment and any other non-class-certification motions be set at twenty-one (21) days after the Court's ruling on class certification.

13. **Class certification: proposed deadline for filing a motion for class certification.**

The Parties propose that the deadline for filing a motion for class certification be set at twenty-one (21) days after the close of class certification discovery.

Dated:  May 26, 2026

*/s/ Michael N. Shannon*
Michael N. Shannon (Ark. Bar No. 92186)
MShannon@qgtlaw.com
**QUATTLEBAUM, GROOMS
& TULL PLLC**
111 Center Street, Suite 1900
Little Rock, AR 72201
Phone: (501) 379-1716

Walter A. Saurack (*pro hac\vice*)
WASaurack@duanemorris.com
**DUANE MORRIS LLP**
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, NY 10017-4669
Phone: (212) 692-1000

*Attorneys for Defendant High 5
Entertainment, LLC*

Respectfully submitted,

*/s/ James Mitchell Williams*
James Mitchell Williams (*pro hac vice*)
W. Daniel "Dee" Miles, III (*pro hac vice*)
Dylan T. Martin (*pro hac vice*)
Trenton H. Mann (*pro hac vice*)
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C**.
272 Commerce Street
Montgomery, Alabama 36103-4160
(334) 269-2343;  (334) 954-7555 FAX
mitch.williams@beasleyallen.com
dee.miles@beasleyallen.com
dylan.martin@beasleyallen.com
Trent.mann@beasleyallen.com

C. Tab Turner
**TURNER & ASSOCIATES, P.A.**
4705 Somers Ave., Suite 100
North Little Rock, AR  72116
T: 501 791 2277;  F: 501 791 1251
Tab@tturner.com

Joel D. Smith (SBN 244902) (*pro hac vice*)
**SMITH KRIVOSHEY, PC**
867 Boylston Street 5th Floor #1520
Boston, MA 02116
T: 617-377-4704; F(888) 410-0415
joel@skclassactions.com

*Attorneys for Plaintiff and the Class*